DANIEL M. HORRIGAN

2012 JAN 18  AM 11: 08

SUMMIT COUNTY
CLERK OF THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| **Marie Weaver**<br>9577 Greenway Drive<br>Twinsburg, Ohio  44087, | )<br>)<br>) |
| *Plaintiff,* | )<br>)  Case No. **2012  01  0309** |
| v. | )<br>) |
| **City of Twinsburg, Ohio**<br>10075 Ravenna Road<br>Twinsburg, Ohio  44087 | )<br>)<br>)  _____ |
| and | )<br>)  ASSIGNED TO JUDGE GALLAGHER<br>)  Judge_____ |
| **Katherine Procop**, Individually and in<br>her official capacity as Mayor of the<br>City of Twinsburg, Ohio<br>10075 Ravenna Road<br>Twinsburg, Ohio  44087 | )<br>)<br>)  **VERIFIED COMPLAINT**<br>)<br>)  Jury Demand Endorsed Hereon |
| and | )<br>) |
| **Clayton Morris**, Individually and in his<br>official capacity as Director of Human<br>Resources  of the City of Twinsburg,<br>Ohio<br>10075 Ravenna Road<br>Twinsburg, Ohio  44087, | )<br>)<br>)<br>)<br>)<br>) |
| *Defendants.* | )<br>)<br>)<br>) |

**EXHIBIT**

tabbies

A

## PRELIMINARY STATEMENT

1.     This is a civil action for declaratory judgment, permanent injunctive relief, and damages for retaliation in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., § 2000e-, *et. seq.* ("Title VII") and 42 U.S.C. §1988.

2.     Declaratory relief is sought pursuant to § 2721 of the Ohio Revised Code and Title 28 United States Code §§ 2201 and 2202.

## JURISDICTION AND VENUE

3.     Plaintiff Marie Weaver ["Weaver" or "Plaintiff"] has complied with all conditions precedent to the filing of this civil action. To wit:

> a.     Weaver filed timely charges with the United States Equal Employment Opportunity Commission ["EEOC"] alleging retaliation[1];
>
> b.     The EEOC found that available evidence establishes a violation of Title VII's prohibition on retaliation and issued "cause" determinations;
>
> c.     The Commission attempted conciliation, which was not successful;
>
> d.     Weaver has received a notice of right to sue from the United States Department of Justice ["DOJ"]; and,

---

[1] Charge number 532-2009-00526 and Charge number 532-2009-01121.

     e.  This action is timely commenced within 90 days of

     Weaver's receipt of a notice of right to sue.

4.  Venue is proper in Summit County as the acts and omissions alleged herein took place in the City of Twinsburg in Summit County, Ohio.

<h2 style="text-align:center">PARTIES</h2>

   A.  Plaintiff

5.  Marie Weaver ["Plaintiff" or "Weaver"] is a resident of Ohio. She is an African-American female over the age of 40.

6.  Weaver was employed by Defendant City of Twinsburg ["City"] beginning in or about November of 2006, until on or about March 10, 2009 -- at which time Weaver was terminated by Defendants. At the time Defendants terminated Weaver, she held the position of Clerk of Twinsburg City Council. Plaintiff was an employee in the unclassified civil service.

7.  Between 2006 and August, 2008, Plaintiff Weaver was the only African-American working in Twinsburg's City Hall. On or about August, 2008, the City hired an African-American female as Finance Director.

8.  Weaver is entitled to engage in lawful protests (protected activities) without Defendants subjecting her to retaliation in the form of an adverse employment action.

3

9.  At all relevant times, Weaver was an "employee" of the City of Twinsburg, Ohio, within the meaning of 42 U.S.C. §2000e-(f) and Chapter 4112 of the Ohio Revised Code.

   B.  Defendants

10.  Defendant City is an employer within the meaning of Title VII and Ohio Revised Code 4112. Defendant City is a municipal corporation and subdivision of the state of Ohio. It operates pursuant to the Ohio Revised Code and the Charter of the City of Twinsburg. Twinsburg City Council ["Council"] is the legislative arm of Defendant City. Council is located and transacts business in Summit County, Ohio.

11.  Katherine Procop ["Procop" ]was Mayor of the City of Twinsburg for all times relevant herein. She is an employer, agent of an employer, or acting in active concert with an employer within the meaning of Ohio Revised Code ["ORC"] Chapter 4112.

12.  Procop is sued in her individual and official capacity.

13.  Clay Morris was Director of Human Resources for all times relevant herein. He is an employer, an agent of an employer or acting in active concert with an employer within the meaning of ORC Chapter 4112.

14.  Morris is sued in his individual and official capacity.

15.  All individual Defendants are named in their capacity as supervisors/managers, and may therefore be held jointly and/or severally liable with his/her employer for discriminatory conduct in violation of ORC Chapter 4112 consistent with *Genaro v.*

4

*Central Transport*, 84 Ohio St. 3d 293, 703 N.E.2d 782 (1999). ORC §
2744.03(A)(6)(c) excepts political subdivision employees from statutory immunity for
employment discrimination claims.

## STATEMENT OF THE FACTS

16. Plaintiff began employment with Defendant City in or about November of 2006
as Deputy Clerk of City Council. She remained in that position until February 28,
2008, when she was named Clerk of Council.

17. While employed by the City, Ms. Weaver was subjected to myriad incidents of
pettiness and hostility by Mayor Procop.

18. In November, 2008, with the assistance of counsel, Weaver complained to the
EEOC that she was being subjected to racial discrimination and harassment.
Consulting with counsel and filing charges with the EEOC are protected activities
within the meaning of Title VII and ORC Chapter 4112.

19. On November 18, 2008, Plaintiff's counsel e-mailed a letter to Mayor Procop
informing her that on November 15, 2008, Weaver had begun the charge filing
process and that she was now represented by counsel.

20. Defendants, their employees and agents subjected Weaver to adverse job
actions in retaliation for her lawful protests and protected activity.

21. In July, 2008, Defendants alleged that Weaver failed to timely file legislation with
the state, resulting in lost income for Twinsburg. Although the Mayor requested that

Ms. Weaver be reprimanded for missing the filing deadline, no disciplinary action of any type was taken against Ms. Weaver at that time.

22. On October 15, 2008 the City conducted Ms. Weaver's six-month performance review.

23. The review was critical of Weaver for missing the filing deadline in July.

24. On October 16, 2008, Weaver met with the Mayor Procop. More than four weeks after this meeting, in immediate temporal proximity to learning Weaver was pursuing remedies through the EEOC, Procop alleged that Ms. Weaver's behavior during the meeting had been insubordinate.

25. No disciplinary action was initiated or recommended against Weaver for the alleged insubordination.

26. On or about October 20, 2008, the City changed the locks to Weaver's office door without prior notice to Weaver. As a result of Defendants actions, Weaver was unable to properly perform her job because she did not have access to records of council meetings, records of legislation, easements, deeds, contract bid information, and land purchases.

27. Defendants gave Weaver a written performance review dated October 31, 2008. The review noted the missed filing deadline in July. Nevertheless, Defendants rated Ms. Weaver's performance an overall rating of 3.3 out of 5. No discipline of Weaver was initiated or recommended in this review.

6

28. The written review acknowledged Weaver's job as Clerk of Council had an 18-month learning curve.

29. On or about November 13, 2008, the City locked Ms. Weaver out of file rooms. As the employee responsible for keeping City records, the City's conduct made it impossible for Ms. Weaver to do her job. No other City employee, each of whom were either Caucasian or had not engaged in a protected activity, was locked out of areas to which access was needed to perform their job.

30. Weaver retained legal counsel on November 17, 2008.

31. On November 18, 2008 Weaver's counsel e-mailed a letter to Mayor Procop informing the City she had filed charges with the EEOC. Copies were also sent to each Council member. A true, accurate and correct copy of this letter is attached hereto. Filing a charge and retaining counsel are protected activities within the meaning of Title VII and ORC 4112.

32. On November 19, 2008, the day after Weaver's counsel notified the City a charge was being filed, the City notified Weaver she was being considered for discipline for previous conduct, to wit: missing the July filing deadline and insubordination.

33. On November 25, 2008, the City held a pre-disciplinary meeting for Weaver. The City raised only two events to support its proposed discipline of Weaver-- the: (1) missed filing date in July; and, (2) alleged insubordination during the October 16, 2008 meeting with the Mayor.

7

34. As a result of the November 25, 2008 pre-disciplinary meeting, the City, through Defendant Morris, gave Ms. Weaver a choice: Participate in an Employee Assistance Program or take a two day suspension, without pay. Each of these constituted an adverse employment action.

35. Weaver chose to serve the suspension and served it on December 2nd and 3rd, 2008.

36. Weaver returned to work on December 4th. She worked from December 4, 2008 until March, 2009, without incident.

37. On February 24, 2009, Weaver filed a second charge with the EEOC alleging that the two-day suspension imposed by the City was retaliation for filing the first charge and consulting with and retaining counsel.

38. On March 5, 2009, the Defendants learned that Weaver had filed a second charge with the EEOC which challenged her two-day suspension as retaliatory.

39. Based upon information and belief, at this time, Defendants Procop and Morris urged Council to terminate Weaver based upon the same conduct for which she had already served a suspension.

40. On March 10, 2009, Defendants terminated Weaver's employment effective March 11th for the same conduct for which she was suspended in December.

8

41. The reason given by the City for terminating Weaver was "you have not fulfilled the expectations of the position." Defendants also publicly stated Weaver was terminated for "poor performance."

42. Weaver was terminated with approximately six months remaining on the "learning curve" established for her by the City.

43. Defendants did not afford Weaver a pre-disciplinary hearing prior to her termination. In denying Weaver a pre-termination hearing, Defendants have denied Plaintiff terms, conditions, and privileges of employment, subjecting her to an adverse employment action.

44. The reasons given by Defendants were pretextual.

45. The reasons given by Defendants for terminating Weaver were she: (1) missed a filing deadline; and (2) was insubordinate to the Mayor.

46. In December, 2008, the City disciplined Weaver for these transgressions as her two-day suspension was predicated on these events.

47. Weaver's protected conduct, to-wit: contacting the EEOC and consulting with counsel, were lawfully undertaken and constitute a "protected activity" within the meaning of Title VII and Chapter 4112 of the Ohio Revised Code.

48. A causal connection exists between Plaintiff's protected activities and the adverse employment action to which Plaintiff was subjected by Defendants.

9

49.  The penalty assessed (termination) was not reasonable in relation to the alleged misconduct.  The reasons given by Defendants for their termination of Weaver are pretextual, and a cover-up for the true reason: retaliation.

## COUNT 1
## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

50.  Plaintiff hereby incorporates by reference all averments and allegations set forth in each of the preceding paragraphs, as if fully restated herein.

51.  Defendant City's acts and omissions subjected Plaintiff to adverse employment actions.  Defendant City's suspension and ultimate termination of Plaintiff were adverse employment actions taken in retaliation for Plaintiff's protected activities. The City subjected Weaver to job actions which might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

52.  Defendant City's conduct as described herein violates Title VII, 42 U.S.C. §2000-e, et seq. §704, which prohibits retaliation.

53.  Weaver has suffered, and unless restrained by this court, will continue to suffer material harm to-wit: emotional and financial harm, embarrassment, loss of status, and emotional distress as a direct result of Defendant City's discriminatory and retaliatory conduct.

## COUNT 2
## Retaliation in violation of O.R.C. §§ 4112.02(I) and 4112.99

54. Plaintiff hereby incorporates by reference all averments and allegations set forth in each of the preceding paragraphs, as if fully restated herein.

55. Defendant's acts and omissions subjected Plaintiff to adverse employment actions. Defendant's suspension and ultimate termination of Plaintiff was in retaliation for Plaintiff's peaceful and lawful protected activities.

56. Defendant's conduct as described herein violates O.R.C. §§ 4112.02(I) and 4112.99.

57. Weaver has suffered, and will, unless restrained by this court, continue to suffer material harm, to-wit: emotional and financial harm, embarrassment, loss of status, and emotional distress as a direct result of Defendants' discriminatory and retaliatory conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Declare the actions of Defendants to be violation of Title VII of the Civil Rights act of 1964, as amended;

B. Declare the actions of Defendants to be violation of Ohio Revised Code §§ 4112.02(I) and 4112.99;

C. Declare Plaintiff to be the prevailing party and issue a permanent injunction against the unlawful employment practices committed by Defendants, prohibiting them, their agents or employees alone or in active concert, from violating or abridging Plaintiff's rights;

11

D. Make Plaintiff whole, including reinstatement, back pay, font pay restoration of all benefits lost, including pension accruals, and other losses in an amount to be proved at trial;

E. Restore Plaintiff to her rightful place; the position she would be occupying presently had it not been for Defendants' unlawful conduct;

F. Award Plaintiff compensatory damages for the injuries proximately caused by Defendants' conduct in an amount to be proven at trial;

G. Award Plaintiff front pay, including benefits, in an amount to be determined at the time of trial;

H. Award Plaintiff liquidated damages in an amount equal to her lost earnings and benefits;

I. Award Plaintiff punitive damages against the individual Defendants, in an amount to be proven at trial.

J. Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

K. Award Plaintiff the costs of this action, including reasonable attorney fees; and,

L. Award such other and further relief as is necessary and proper.

Respectfully submitted,

Barbara Kaye Besser (0017624)
bkb@elfvinbesser.com
Bruce B. Elfvin (0015694)

12

bbe@elfvinbesser.com
Stuart Torch (0079667)
stuart.torch@elfvinbesser.com

ELFVIN ✧ BESSER
4070 Mayfield Road
Cleveland, Ohio 44121-3031
216.382.2500 (voice)
216.381.0250 (facsimile)

Attorneys for Plaintiff Marie Weaver


PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

_Barbara Kay Besser_
Counsel for Plaintiff