IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE WEAVER<br>9577 Greenway Drive<br>Twinsburg, OH 44087<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF TWINSBURG, OHIO<br>10075 Ravenna Road<br>Twinsburg, OH 44087<br><br>and<br><br>KATHERINE PROCOP, Individually and<br>In her official capacity as Mayor of the<br>City of Twinsburg, Ohio<br>10075 Ravenna Road<br>Twinsburg, OH 44087<br><br>and<br><br>CLAYTON MORRIS, Individually and<br>In his official capacity as Director of Human<br>Resources of the City of Twinsburg, Ohio<br>10075 Ravenna Road<br>Twinsburg, OH 44087<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 5:12-CV-00391<br><br>JUDGE JOHN ADAMS<br><br><br><br><br><br><br><br><br>**DEFENDANTS CITY OF**<br>**TWINSBURG, KATHERINE PROCOP**<br>**AND CLAYTON MORRIS' ANSWER**<br>**TO PLAINTIFF'S COMPLAINT** |

  Now come Defendants, City of Twinsburg, Ohio, Katherine Procop and Clayton Morris, by and through counsel and for their Answer to Plaintiff's Complaint state as follows:

PRELIMINARY STATEMENT

1.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 2 of Plaintiff's Complaint.

JURISDICTION AND VENUE

3.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 3 of Plaintiff's Complaint, including sub-parts (a) thru (e).

4.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true allegations contained within Paragraph 4 of Plaintiff's Complaint.

PARTIES

5.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.      These answering Defendants admit that Plaintiff was either the Deputy Clerk of Council or the Clerk of Council from November of 2006 until on or about March 10, 2009, but deny for vagueness, want of knowledge, or because they are not true the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained with Paragraph 7 of Plaintiff's Complaint.

8.      These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained with Paragraph 8 of Plaintiff's Complaint.

9. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained with Paragraph 9 of Plaintiff's Complaint.

10. These answering Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. These answering Defendants admit that Katherine Procop was Mayor of the City of Twinsburg at all times relevant to Plaintiff's Complaint. Defendants deny for vagueness, want of knowledge or because they are not true the remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. These answering Defendants admit Clay Morris is and was the Director of Human Resources from November of 2006 thru March of 2009, but deny the remaining allegations contained with Paragraph 13 of Plaintiff's Complaint.

14. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. These answering Defendants deny the allegations contained with Paragraph 15 of Plaintiff's Complaint.

## STATEMENT OF THE FACTS

16. These answering Defendants admit Plaintiff initially was the Deputy Clerk of Council and later became the Clerk of Council, but deny the remaining allegations contained with Paragraph 16 of Plaintiff's Complaint.

17. These answering Defendants deny the allegations contained with Paragraph 17 of Plaintiff's Complaint.

18. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19. These answering Defendants admit the allegations contained with Paragraph 19 of Plaintiff's Complaint.

20. These answering Defendants deny the allegations contained with Paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Plaintiff failed to timely file legislation with the State resulting in a loss of income for the City of Twinsburg but deny for vagueness, want of knowledge, or because they are not true the remaining allegations contained within Paragraph 21 of Plaintiff's Complaint.

22. These answering Defendants admit that a six-month performance review was conducted on or about October 15, 2008 but deny for vagueness, want of knowledge, or because they are not true the remaining allegations contained within Paragraph 22 of Plaintiff's Complaint.

23. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24. In response to Paragraph 24 of Plaintiff's Complaint, these answering Defendants admit that Plaintiff met with Defendant Mayor Procop on or about October 16, 2008 and that Plaintiff yelled at Defendant Mayor Procop, but deny for vagueness, want of knowledge, or because they are not true the remaining allegations contained within Paragraph 24 of Plaintiff's Complaint.

25. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26. In response to Paragraph 26 of Plaintiff's Complaint, these answering Defendants admit that some locks were changed in the facility, but deny the remaining allegations contained with Paragraph 26 of Plaintiff's Complaint.

27. These answering Defendants deny the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29. These answering Defendants deny the allegations contained with Paragraph 29 of Plaintiff's Complaint.

30. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31. These answering Defendants admit that on or about November 18, 2008, Plaintiff's counsel e-mailed a letter to Mayor Procop informing her that Plaintiff had filed charges with the EEOC. The remaining allegations contained within Paragraph 31 of Plaintiff's Complaint are denied for vagueness, want of knowledge, or because they are not true.

32. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33. These answering Defendants admit that a pre-disciplinary meeting was held on November 25, 2008. The remaining allegations contained within Paragraph 33 of Plaintiff's Complaint are denied for vagueness, want of knowledge, or because they are not true.

34. In response to Paragraph 34, Defendants admit that the Plaintiff was given a choice between participating in an Employee Assistance Program or taking a two-day suspension without leave, but deny the remaining allegations contained with Paragraph 34 of Plaintiff's Complaint.

35. These answering Defendants admit the allegations contained with Paragraph 35

36. These answering Defendants admit Plaintiff returned to work on December 4, 2008 and that she worked until March 9, 2010. The remaining allegations set forth in Paragraph 36 of Plaintiff's Complaint are denied.

37. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39. These answering Defendants deny the allegations contained with Paragraph 39 of Plaintiff's Complaint.

40. These answering Defendants deny the allegations contained with Paragraph 40 of Plaintiff's Complaint.

41. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42. These answering Defendants deny the allegations contained with Paragraph 42, Plaintiff's Complaint.

43. These answering Defendants deny the allegations contained with Paragraph 43, Plaintiff's Complaint.

44. These answering Defendants deny the allegations contained with Paragraph 44, Plaintiff's Complaint.

45. These answering Defendants deny the allegations contained with Paragraph 45, Plaintiff's Complaint.

46. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained with Paragraph 46, Plaintiff's Complaint.

47. These answering Defendants deny for vagueness, want of knowledge, or because they are not true the allegations contained with Paragraph 47, Plaintiff's Complaint.

48. These answering Defendants deny the allegations contained with Paragraph 48, Plaintiff's Complaint.

49. These answering Defendants deny the allegations contained with Paragraph 49, Plaintiff's Complaint.

<u>COUNT 1</u>

50. In response to Paragraph 50 of Plaintiff's Complaint, these answering Defendants incorporate by reference as though fully restated herein Paragraphs 1 through 49 of this Answer.

51. These answering Defendants deny the allegations contained with Paragraph 51, Plaintiff's Complaint.

52. These answering Defendants deny the allegations contained with Paragraph 52, Plaintiff's Complaint.

53. These answering Defendants deny the allegations contained with Paragraph 53, Plaintiff's Complaint.

<u>COUNT 2</u>

54. In response to Paragraph 54 of Plaintiff's Complaint, these answering Defendants incorporate by reference as though fully restated herein Paragraphs 1 through 53 of this Answer.

55. These answering Defendants deny the allegations contained with Paragraph 55, of Plaintiff's Complaint.

56. These answering Defendants deny the allegations contained with Paragraph 56, Plaintiff's Complaint.

57. These answering Defendants deny the allegations contained with Paragraph 57, Plaintiff's Complaint.

58. These answering Defendants deny all other allegations contained within Plaintiff's Complaint not herein specifically admitted to be true.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the applicable statute of limitations.

3. Defendants affirmatively allege, in the alternative, that Plaintiff has failed to exhaust her administrative remedies.

4. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint is barred by the doctrine of estoppel.

5. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint is barred by the doctrine of *res judicata*.

6. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the doctrine of waiver.

7. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the doctrine of laches.

8. Defendants affirmatively allege, in the alternative, that to the extent that any individual is alleged to have engaged in discrimination or other violations of the law, he or she would have been acting outside their scope of employment at the time such conduct occurred.

9. Defendants affirmatively allege, in the alternative, that the actions of Defendants were predicated upon reasonable beliefs and good faith.

10. Defendants affirmatively allege, in the alternative, that Plaintiff's claim for damages violates the due process clauses of the Federal and Ohio Constitutions.

11. Defendants affirmatively allege, in the alternative, that any action taken by Defendants with respect to Plaintiff was for legitimate business reasons, was not for any illegal discriminatory reasons.

12. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by her status as an employee at will.

13. Defendants affirmatively allege, in the alternative, that Plaintiff's damages, if any, were not proximately caused by any actions or failure to act by Defendants.

14. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint and/or damages may be barred by the after acquired evidence rule, as may be discovered throughout the course of discovery.

15. Defendants affirmatively allege, in the alternative, that Defendant incorporates the affirmative defenses contained in Civil Rule 12 as if fully rewritten herein and as determined to be applicable after an opportunity to conduct discovery in this matter.

16. Defendants affirmatively allege, in the alternative, that to the extent that the Plaintiff has suffered any compensable damages (which is specifically denied), the Plaintiff has failed to mitigate her damages.

17. Defendants affirmatively allege, in the alternative, that any damages sustained by Plaintiff as alleged in the Complaint are the result of the direct, proximate, intervening and/or superseding acts and/or omissions of

parties other than Defendants.

18. Defendants affirmatively allege, in the alternative, that punitive damages are not recoverable against Defendants.

19. Defendants affirmatively allege, in the alternative, that at all times relevant to this lawsuit, Plaintiff was treated in a manner consistent with other similarly situated employees.

20. Defendants affirmatively allege, in the alternative, that Plaintiff did not engage in any protected activity.

21. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred and/or Plaintiff's remedies are limited because any actions taken by Defendants relative to Plaintiff would have been taken regardless of Plaintiff's alleged engagement in protected activity.

22. Defendants affirmatively allege, in the alternative, that Plaintiff's employment was terminated for just cause.

23. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

24. Defendants affirmatively allege, in the alternative, that Plaintiff's claim of retaliation is barred by the provisions of R.C. Chapter 4112 and the case law interpreting same.

25. Defendants affirmatively allege, in the alternative, that Plaintiff was terminated for legitimate, nondiscriminatory reasons.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed, with prejudice, and that it be awarded its costs and expenses, including but not limited to, attorneys'

fees and for any other relief to which it may be entitled at law or in equity as this Court deems just and appropriate.

              Respectfully submitted

              /s/ Stephan C. Kremer
              Stephan C. Kremer (#0061473)
              Bethanie R. Murray (#0079978)
              REMINGER CO., L.P.A.
              80 South Summit Street
              200 Courtyard Square
              Akron, OH 44308
              Tel: (330) 375-1311
              Fax: (330) 375-9075
              Email: skremer@reminger.com
                  bmurray@reminger.com

*Counsel for Defendants*
*City of Twinsburg, Ohio, Katherine Procop,*
*and Clayton Morris*

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues.

/s/ Stephan C. Kremer
Stephan C. Kremer (#0061473)
Bethanie R. Murray (#0079978)
REMINGER CO., L.P.A.
80 South Summit Street
200 Courtyard Square
Akron, OH 44308
Tel: (330) 375-1311
Fax: (330) 375-9075
Email: skremer@reminger.com
bmurray@reminger.com

*Counsel for Defendants*
*City of Twinsburg, Ohio, Katherine Procop,*
*and Clayton Morris*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2012, a copy of foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Barbara Kaye Besser
Bruce B. Elfvin
Stuart Torch
Elfvin & Besser
4070 Mayfield Road
Cleveland, OH  44121-3031

Counsel for Plaintiff

 

/s/ Stephan C. Kremer
Stephan C. Kremer (#0061473)
Bethanie R. Murray (#0079978)
REMINGER CO., L.P.A.
80 South Summit Street
200 Courtyard Square
Akron, OH  44308
Tel: (330) 375-1311
Fax:  (330) 375-9075
Email: skremer@reminger.com
        bmurray@reminger.com

*Counsel for Defendants*
*City of Twinsburg, Ohio, Katherine Procop,*
*and Clayton Morris*